<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MANUEL MEDINA, | Civil Action No. 25-3891 (SDW) |
| Plaintiff, | |
| v. | **WHEREAS OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | July 23, 2026 |
| Defendant. | |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon Plaintiff's counsel's Motion for Attorney Fees, (D.E. 17 ("Motion")), pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), and this Court having considered the parties' submissions; and

**WHEREAS** on November 12, 2025, the Commissioner of Social Security ("Commissioner") filed a consent order for payment of Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, fees in the amount of $9,200 and $405 for costs. (D.E. 15 at 1.) This Court approved the consent order on November 13, 2025. (D.E. 16.) While the award was payable to Plaintiff, the consent order provided that the "fees, costs, and other expenses [could] be paid directly to Plaintiff's counsel James Langston, Esquire, . . . providing Plaintiff [did] not owe a debt subject to offset under the Treasury Offset Program." (*Id.*); and

**WHEREAS** on July 15, 2026, Plaintiff's counsel James Langston filed the instant Motion and a supporting brief seeking $35,820.75 in attorney fees. (D.E. 17 & 17-3); and

1

**WHEREAS** the Social Security Act's attorneys' fees provision states that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1); and

**WHEREAS** even when a fee does not exceed the 25 percent threshold, courts must assess whether the fee is reasonable.  *Gilbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002).  "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.  In determining reasonableness, courts consider factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel.  *Id.* at 807–08.  Courts may consider representation at the agency level, since that can inform "a district court's understanding of the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in court." *Denise W. v. Comm'r of Soc. Sec.*, No. 18-13465, 2024 WL 4189302, at *2 (D.N.J. Sept. 11, 2024) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022)); and

**WHEREAS** upon remand from this Court, (D.E. 12), Administrative Law Judge Sheena Barr issued a favorable decision on Plaintiff's behalf which resulted in the Social Security Administration awarding Plaintiff $142,253.00 in past-due benefits, (D.E. 17-3 at 2; D.E. 17-7 at 3); and

**WHEREAS** Plaintiff's counsel certifies that he expended 35.5 hours on Plaintiff's civil action, which led to a positive result for Plaintiff, who contractually agreed to a contingency fee "equal to twenty-five percent (25%) of the past due benefits resulting from [his] claim or claims."

(D.E. 17-5 at 1; D.E. 17-6 at 1.)  Further, Plaintiff's counsel also certifies that he never received any part of the November 13, 2025 EAJA award, as the $9,200 fee was seized under the United State Treasury Offset Program and credited to the Small Business Administration.  (D.E. 17-3 at 4–5; D.E. 17-7 at 1.)  The Commissioner has filed a response to the Motion, neither supporting nor opposing counsel's request for attorney fees in the amount of $35,820.75.  (D.E. 18); and

**WHEREAS** upon reviewing the record before it, this Court concludes the $35,820.75 fee is reasonable.  Counsel has represented Plaintiff since 2020, and he has over thirty years of experience representing claimants before the Social Security Administration. (D.E. 17-3 at 3; D.E. D.E. 17-6.)  Counsel's submission indicates the majority of his time was spent reviewing exhibits, conducting research, and drafting a brief, which is reasonable given that Plaintiff's involvement with the SSA dates back to 2016, when he initially filed for disability insurance benefits and supplemental security income.  (D.E. 17-5; D.E. D.E. 17-3 at 2–3.)  For these same reasons, the $1,009.03 imputed hourly rate is not unreasonable.  *See Jones v. Bisignano*, No. 20-12116, 2025 WL 2300722, at *1 (D.N.J. Aug. 8, 2025) ($1,1412.19 imputed hourly rate deemed reasonable where counsel represented the claimant for over five years, routinely represented clients on a contingency basis, and was a well-experienced practitioner in the area); *Denise W.*, 2024 WL 4189302, at *3 (imputed hourly rate of $1,007.47 found reasonable); therefore

**IT IS**, on this 23rd day of July 2026,

**ORDERED** that the Motion (D.E. 17) is **GRANTED**.

**SO ORDERED.**

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:  Parties